Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | 08 C 1300 Judge Dow |
| v. | ) ) | Magistrate Judge Keys |
| RUBIN ANDERSON, individually, Defendants. | ) ) ) | |

### AFFIDAVIT OF TRACY KUNTZMAN

TRACY KUNTZMAN, upon being first duly sworn on oath, deposes and states:

1. I am the executive secretary to the Secretary-Treasurer of the Painters' District Council No. 14 (the "Union").

2. As part of my duties, I am responsible to keep and maintain the records of the Union that identify employers that have become signatory to the Collective Bargaining Agreement with the Union. According to the Union's records, ROSELENE PAINTING, INC. ('ROSELENE") by and through RUBIN ANDERSON, its CEO, executed a Memorandum of Agreement with the Union that is dated September 28, 2004. A copy is attached as Exhibit "A."

3. As part of my duties, I am familiar with the provisions of the Collective Bargaining Agreements between the Union and certain multi-employer associations, including the Painting and Decorating Contractors' Association ("PDCA").

4. As a signatory to the Agreement, ROSELENE agreed to be bound by the provisions of the Collective Bargaining Agreement between the Union and the PDCA. (Exhibit A, paragraph 2)

5. Article XV, Section 1(b)(1) of the Union-PDCA Collective Bargaining Agreement requires employers to post a bond in the amount of Fifteen Thousand Dollars prior to commencing work covered by the Agreement. Article XV, Section 1(b)(3) of the Union-PDCA Collective Bargaining Agreement provides that in the event an employer fails to provide the $15,000.00 bond to insure the prompt and full payment of all fringe benefit contributions due to the Chicago Painters and Decorators Pension, Health and Welfare and Deferred Savings Plan and Apprenticeship Trust Funds (the "Funds"), the employer shall be liable and each corporate official empowered to execute agreements on behalf of the corporation shall be personally liable to the Funds in the amount of $30,000.00 plus all unpaid amounts in excess of that sum which are owed to the Funds by that employer. A copy of Article XV, Section 1(b) is attached as Exhibit "B."

6. I have reviewed the Union's records pertaining to bonds. According to those records, ROSELENE has not posted any bond in the amount of Fifteen Thousand Dollars as required by the Collective Bargaining Agreement, in effect after 2005. Accordingly, pursuant to Article XV, Section 1(b)(3), ROSELENE and its corporate officials, including RUBIN ANDERSON, are required to pay $30,000.00 to the Funds, plus any amounts owed in excess of that sum.

7. Affiant is not currently suffering any infirmities and is competent to testify to the foregoing and would testify to the foregoing if called upon.

_____
TRACY KUNTZMAN

SUBSCRIBED AND SWORN TO before me this ___17___ day of ___June___, 2008.

_____
NOTARY PUBLIC

[OFFICIAL SEAL
CAROL COLLINS
Notary Public - State of Illinois
My Commission Expires Jul 20, 2011]

# Exhibit A

# PAINTERS' DISTRICT COUNCIL #14
# (MEMORANDUM OF PAINTING AGREEMENT

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and _____ referred to as "the Employer", Witnesseth That:

WHEREAS, the PAINTING AND DECORATING CONTRACTORS; ASSOCIATION, (hereinafter "ASSOCIATION") and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 2003 to May 31, 2008.

WHEREAS, the parties to this agreement wish to promote continued employment in the Industry, prevents interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each employer's Painting employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of The Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 2008, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are no inconsistent with the provisions of the Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 2003, to May 31, 2008, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association Bargaining Agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 2004 through May 31, 2005

| NEW PAINTING CONTRACT | TOTAL PER HOUR $2.10 | | |
|---|---|---|---|
| Wages | $32.10 | .75 | Increase |
| Welfare Fund | $5.55 | .85 | Increase |
| Pension Fund | $4.90 | .50 | Increase |
| Savings | .75 | (Deducted from Wages) | |
| Joint Cooperation | .01 | No | Increase |
| Education & Scholarship | .03 | No | Increase |
| Industry Advancement | .09 | No | Increase |
| JATC | .44 | No | Increase |
| LPC (Local Political Committee) | .05 per hr. | | |

5. This Agreement shall become effective at 12:00 A.M., June 1, 2003, and shall remain in full force and effect until 12:00 P.M., May 31, 2008, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this 28 day of Sept, 2004.

EMPLOYER:

FIRM: Roselene Painting Inc.
(PRINT)

ADDRESS: 12406 E Central
(PRINT)

NAME & TITLE: Robyn D Anderson CEO
(PRINT)

SIGNATURE: [signature]

Gerald C. Harms
Business Manager/Secretary-Treasurer
Painters' District Council #14

# Exhibit B



June 1, 2003 Through May 31, 2008

# AGREEMENT

Between

## PAINTING & DECORATING CONTRACTORS ASSOCIATION, CHICAGO COUNCIL

And

## PAINTERS' DISTRICT COUNCIL NO. 14 OF THE INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES

(of Chicago, Cook, Lake, Will, and Grundy Counties, Illinois)

REPRODUCED COURTESY OF
THE CHICAGO PAINTING & DECORATING CONTRACTORS
INDUSTRY ADVANCEMENT & PROMOTIONAL FUND

★ ★ ★  PRINTED WITH PRIDE IN AMERICA BY SKILLED UNION CRAFTSMEN  ★ ★ ★

(b) The Union hereby irrevocably designates as its representatives on the Board of Trustees of the International Fund (IUPAT JATF), such Trustees as are now serving, or who will in the future serve, as Union Trustees, together with their successors, as provided for in the aforesaid Trust Indenture.

(c) The parties hereto further agree to be bound by all actions taken by the Trustees of the International Fund (IUPAT JATF) pursuant to the said Agreement and Declaration of Trust.

**Section 3**. All contributions shall be made at such time and in such manner as the Trustees require; and the Trustees shall have the authority to have a Certified Public Accountant audit the payroll and wage records of the Employer for the purpose of determining the accuracy of contributions to the Apprenticeship Fund.

**Section 4**. If an Employer fails to make contributions to the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund (IUPAT JATF) within 20 days after the date required by the Trustees, such failure shall be deemed a violation of this Agreement, and the Union shall have the right to take whatever steps are necessary to secure compliance with this Agreement, any provision hereof to the contrary notwithstanding, and the Employer shall be liable for all costs of collecting the payment due together with attorneys' fees and such penalties as may be assessed by the Trustees. The Employer's liability for payment under this Article shall not be subject to or covered by any grievance or arbitration procedure or any "no-strike" clause which may be provided or set forth elsewhere in this Agreement.

**Section 5**. The Apprenticeship Plan adopted by the Trustees of said Apprenticeship Fund shall at all times conform with the requirements of the Internal Revenue Code and other applicable laws and regulations so as to enable the Employer at all times to treat contributions to the Apprenticeship Fund as a deduction for income tax purposes.

## ARTICLE XV

## INSURANCE, TAXES, AND SURETY BOND

**Section 1. Workers Compensation and Occupational Diseases Coverage – Wage and Fringe Benefit Bond.** (a) Each Employer agrees, upon signing this Agreement, to elect to be bound to the provisions of the Illinois Workmen's Occupational Diseases Act and shall furnish to the Association a Certificate of Insurance or of Self-Insurance covering all liability under such Act, and agrees further to furnish a Certificate of Insurance or of Self-Insurance to the Association covering liability under the provisions of the Illinois Workmen's Compensation Act.

(b) (1). Each Employer agrees that before commencing any work to which this Agreement applies, a performance bond in the sum of Fifteen Thousand Dollars ($15,000.00) shall be provided to insure the prompt and full payment of all contributions due to the Welfare Fund, Pension Fund, Deferred Savings fund, and the Apprenticeship Fund and wages. Such bond, which shall be in the form appended hereto as Exhibit A or in an alternate form approved in writing by the parties hereto, shall:

(1) be written by an insurance carrier with reserves in excess of One Million Dollars ($1,000,000.00) authorized, license s, or permitted to do business in the State of Illinois; or

(2) be secured by a cash deposit of the full amount of such bond in an account maintained jointly by the Trustees of the four funds; or

(3) be secured by other assets or personal sureties acceptable to the Trustees which equal or exceed in value the full amount of the bond; or

(4) be secured by any combination of (1), (2), and/or (3) above; and

(5) be payable to the Trustees of the respective funds, or to the employees as their interests may appear, in the event the Employer fails to make prompt and full payment of his wages or fringe benefit fund contributions. Fringe benefit fund contributions shall be given priority if the total claims exceed the amount of the bond.

If, for any reason, the amount or value of the security provided by the Employer should decrease below the amount specified above, the Employer agrees to provide such additional security as may be necessary to restore it to the proper sum upon the written request of the Trustees of any of the Funds.

(b) (2). The Association shall have the right to satisfy on behalf of its members, or any of them, the bonding requirement of paragraph (b)(1) above by the posting of a blanket bond in an amount of no less than Two Hundred Fifty Thousand Dollars ($250,000.00). If any Association member is excluded from such bond or if any Employer previously covered by such bond ceases to be eligible for coverage because of the cessation of its Association membership, the Association shall notify the Union and the respective Funds of such exclusion in writing; bond coverage for the excluded member or Employer shall continue for sixty (60) days following receipt of such notice.

(b) (3). In the event an Employer fails for any reason to satisfy the bonding requirement of paragraph (b)(1) above, the Employer shall be personally liable to the Funds named in paragraph (b)(1) in the amount of Thirty Thousand Dollars ($30,000.00) plus all unpaid amounts in excess of that sum which are due the Funds by that Employer. In the event the Employer is a corporation, liability under this paragraph shall be imposed not only on the corporation, but also personally on each corporate official of that Employer empowered to execute agreements or sign checks on the corporation's behalf, or to designate the persons empowered to do so. The provisions of this paragraph shall in no way relieve or excuse any Employer of the obligation to provide the bond described in paragraph (b)(1) above, nor shall this provision limit the personal liability of said corporate officers based on operation of law.

(b) (4). Any Employer commencing work in violation of the requirements set forth above shall be in violation of this Fringe Benefit Fund contribution payment provision of this Agreement.

**Section 2. Unemployment Compensation Act Coverage.** It is agreed that all Employers not otherwise required by pay contributions under the Illinois Unemployment Compensation Act, and regardless of the number of men employed, shall voluntarily elect to become subject thereto and liable for the payment of contributions thereunder.

**Section 3. Wage and Withholding Statements.** On each payday, the Employer shall deliver to Employees a statement showing the amount withheld for taxes, amount deducted for Deferred Savings Plan, and total hours worked, both regular and overtime.

**Section 4. Fringe Benefit Stamp.** Employees' pay checks issued by members of the Association shall bear the following stamp: "Welfare Fund and Pension Fund contributions are being paid for you for this pay period."

## ARTICLE XVI

## JOINT TRADE BOARD

**Section 1. Designation of Members - - Board Rules.** (a) The parties hereto agree that, during the term of this Agreement, there shall be a standing Joint Trade Board composed of four (4) representatives designated by the Association and four (4) representatives designated by the Union, one of whom shall be elected as Chairman and one of whom shall be elected as Secretary of said Board. In order to assure equal Employer and Union representation at all times, it is agreed that whenever a vacancy exists and whenever a member of the Joint Trade Board is absent from a meeting, if such vacancy or absence results from a lack of a Union representative or representatives, the vote or votes represented by such vacancy or absence shall be divided equally among the remaining Union representatives, each of whom shall be entitled to vote the whole or fractional vote or votes allocated to him as a result of such division, in addition to his own vote, until such vacancy is filled or such absence terminates. If such vacancy or absence results from a lack of an Employer representative or representatives, the vote or votes represented by each vacancy or absence shall be divided equally among the remaining Employer representatives, each of whom shall be entitled to vote the whole or fractional vote or votes allocated to him as a result of such division, in addition to his own vote, until such vacancy is filled or such absence terminates.

(b) The Joint Trade Board shall have the right to set up its own rules and regulations providing ways and means of enforcing and adjudicating this Agreement and any Employer who has signed an Agreement with the Union agrees to be bound by the decisions of the Joint Trade Board. Such rules and regulations are to be published in booklet form for distribution to the parties under this Agreement.

**Section 2. Jurisdiction.** (a) To the Joint Trade Board shall be referred all disputes and matters of controversy arising under the provisions of this Agreement.